MARY K. ALEJANDRO
Acting Regional Solicitor
DAVID M. KAHN,
Counsel for Employment Standards
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7756
Facsimile: (415) 625-7772

Attorneys for Plaintiff, Hilda L. Solis, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> THE CEDAR SANCTUARY L.L.C., a corporation; SHELLA MICHEL, an individual, and CHRISTINE ELLIS, an individual, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

1. Plaintiff, **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **THE CEDAR SANCTUARY L.L.C., a corporation, SHELLA MICHEL, an individual,** and **CHRISTINE ELLIS, an individual,** from violating the provisions of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. §§ 201-219, hereinafter called the Act, pursuant to section 17 of the Act, 29 U.S.C. § 217; and to recover unpaid minimum wage and overtime compensation owing to defendants'

1  employees, together with an equal amount as liquidated damages, pursuant to
2  section 16(c) of the Act, 29 U.S.C. § 216(c).
3      2.    Jurisdiction of this action is conferred upon the Court by sections
4  16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and
5  1345.
6      3.    Venue lies in the United States District Court, District of Arizona,
7  pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the
8  claim occurred in Chandler, Maricopa County, Arizona.
9      4.    (a)    Defendant, **THE CEDAR SANCTUARY L.L.C.,** is and at all
10 times hereinafter mentioned was a corporation with an office and a place of
11 business at 610 N. Alma School Road #24, Chandler, Arizona 85224, within the
12 jurisdiction of this Court, and is and at all times hereinafter mentioned was
13 engaged in the operation of an institution primarily engaged in providng
14 domiciliary care of elderly individuals who reside on the premises.
15           (b)    Defendant, **SHELLA MICHEL**, an individual, at all times
16 hereinafter mentioned acted directly or indirectly in the interest of the corporate
17 defendant in relation to its employees.
18           (c)    Defendant, **CHRISTINE ELLIS**, an individual, at all times
19           hereinafter mentioned acted directly or indirectly in the interest of the
20           corporate defendant in relation to its employees.
21     5.     Defendant **THE CEDAR SANCTUARY L.L.C.,** is and at all times
22 hereinafter mentioned was engaged in related activities performed through unified
23 operation or common control for a common business purpose, and is and at all
24 times hereinafter mentioned was an enterprise within the meaning of section 3(r) of
25 the Act, 29 U.S.C. § 203(r).

6. Defendant **THE CEDAR SANCTUARY L.L.C.,** at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

7. Defendants have repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying many of their employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.

8. Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

*Complaint for Violations of the FLSA*   3

1    9.     Defendants, employers subject to the provisions of the Act, repeatedly
2 have violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§
3 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and
4 accurate records of employees and the wages, hours and other conditions and
5 practices of employment maintained by them as prescribed by regulations duly
6 issued pursuant to authority granted in the Act and found in 29 C.F.R. § 516, in
7 that records fail to show adequately and accurately, among other things, the hours
8 worked each workday and each workweek with respect to many employees.
9    10.    Beginning October June 28, 2009, defendants violated the aforesaid
10 provisions of the Act.  A judgment that enjoins and restrains such violations and
11 includes the restraint of any withholding of payment of unpaid minimum wage and
12 overtime compensation found by the court to be due to present and former
13 employees under the Act is expressly authorized by section 17 of the Act, 29
14 U.S.C. § 217.
15    **WHEREFORE**, cause having been shown, plaintiff prays for a judgment
16 against defendants as follows:
17    (a)    For an Order pursuant to section 17 of the Act, 29 U.S.C. § 217,
18 permanently enjoining and restraining defendants, their officers, agents, servants,
19 employees, and those persons in active concert or participation with them from
20 prospectively violating the provisions of section 15 of the Act, 29 U.S.C. § 215;
21 and
22    (b)    For an Order
23        (1)    pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding
24 defendants liable for unpaid minimum wage and overtime compensation due
25 defendants' employees and for liquidated damages equal in amount to the unpaid

1  compensation found due defendants' employees listed in the attached Exhibit A for
2  the period beginning June 28, 2009 (additional back wages and liquidated damages
3  may be owed to certain employees presently unknown to plaintiff for the period
4  covered by this complaint); or in the event liquidated damages are not awarded;
5      (2) pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining
6  and restraining defendants, their officers, agents, servants, employees and those
7  persons in active concert or participation with defendants, from withholding
8  payment of unpaid back wages found to be due defendants' employees for the
9  period beginning June 28, 2009 and pre-judgment interest at an appropriate interest
10 rate; and
11     (c) For an Order awarding plaintiff the costs of this action; and
12     (d) For an Order granting such other and further relief as may be
13 necessary or appropriate.

15 Dated:  February 1, 2012

16     M. PATRICIA SMITH
    Solicitor of Labor
17
18     MARY K. ALEJANDRO
    Acting Regional Solicitor

20     By: /s/ David M. Kahn
        DAVID M. KAHN
21         Counsel for Employment Standards

23     UNITED STATES
    DEPARTMENT OF LABOR
24     Attorneys for the Plaintiff

# **EXHIBIT A**

Comfort Adjei

Theresa Amanfo

Julius O. Amenya

Naomi Amissah

Binta D. Fatoumata

Peter K. Ikangu

Francis Famau

Daniel F. Kimwomi

Raynold Kwabi

John C. Lepro

Joseph C. Mbuthia

Lois Mucoki

Paul Muhoro

Monika Mwauer

Lucy Njoroge

Olivia Obeng-Asamoah

Elijah O. Ongau