UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| Hilda L. Solis, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> The Cedar Sanctuary, L.L.C., a corporation; Shella Michel, an individual, and Christine Ellis, an individual, <br><br> Defendants. | No. CV 12-0226-PHX-DKD <br><br> **CONSENT JUDGMENT** |

Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor (the "Secretary") having filed her complaint, and Defendants THE CEDAR SANCTUARY L.L.C. ("Cedar Sanctuary"), SHELLA MICHEL, an individual ("Michel"), and CHRISTINE ELLIS, an individual ("Ellis") having been duly advised on the proceedings, and having agreed to the entry of this Consent Judgment in settlement of this case without contest.

Having reviewed the Consent Findings (Doc. 3), signed by the Parties and filed herein, and good cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The previously described Consent Findings are incorporated herein and are hereby approved and made a part of this Consent Judgment.

2. Pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereafter the "Act" or the "FLSA"), that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

    a. Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

    b. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

    c. Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

        d.      Defendants shall not withhold payment of $113,034.53 which represents the unpaid minimum wage and overtime compensation hereby found to be due, for the period from June 28, 2009, through June 19, 2011, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

        e.      Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the Secretary and against the defendants in the total amount of $113,494.44.

3.    Defendants shall pay to the Secretary the sum of $113,034.53, which represents the unpaid minimum wage and overtime compensation hereby found to be due, for the period from June 28, 2009, through June 19, 2011 to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein, less deductions for employees' share of social security and withholding taxes.  This payment will be made in installments as set forth in paragraph 5 below.

4. Defendants shall further pay to the Secretary post judgment interest in the amount of $459.91.

5. The provisions of paragraphs 2(d), 3 and 4 of this Consent Judgment will be deemed satisfied where Defendants comply with the following provisions:

    a. On March 1, 2012, Defendants shall initiate repayment of the back wages and post judgment interest described in paragraphs 3 and 4 above by making an initial payment of $28,258.63, less legal deductions for employees' share of social security and withholding taxes, in accordance with the terms set forth in subparagraph 5(b) below (and as set forth in attached Exhibit B). Defendants shall pay the remainder of the balance due, plus 1% annual interest, in 12 monthly installments, in accordance with the terms set forth in paragraph 5(b) (and as set forth in attached Exhibit B). Defendants may pay the remaining balance due in full at any time with no additional penalty or interest.

    b. Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Wage and Hour Division, Phoenix District Office, 230 N. First Avenue, Suite 402, Phoenix, Arizona 85003, by March 1, 2012, and again on or before the first day of every month (i.e., April 1, May 1, June 1, etc.) thereafter until the back wage recovery provision of this Judgment has been satisfied in full for each person who is listed in the attached Exhibit A, the following:

        (1) A cashiers check or money order with the firm name and "Back Wages and Interest" written on it, payable to the order of the "Wage & Hour Div., Labor," in the amount due at the time of the payment as set forth in attached Exhibit B, less legal deductions for employees' share of social security and withholding taxes. The checks described in this subparagraph shall contain no expiration date.

(2) A schedule in duplicate bearing the firm name (that is contained in the caption of this Judgment), employer identification number(s), address, and phone number of the Defendants and listing separately, for each person named in the attached Exhibit A, the name, last known (home) address, social security number, the gross amount of back wages included in the specific payment for the employee, and the net amount of back wages included in the specific payment for each employee.

c. In the event of any default in the timely making of any payment due under this Consent Judgment, the full gross amount (under the back wage provisions of this Judgment) that then remains unpaid plus post-judgment interest (from the date of this Judgment until the full gross amount is paid in full at the rate of ten percent per annum on the full balance outstanding from time to time) shall become due and payable upon Plaintiff sending by ordinary mail a written demand to the last business address of the Defendants known to the Plaintiff; the manner of the immediate payment shall in the case of the back wages be a certified or cashier's check or money order with the firm name and civil action number from the caption on the first page of this Judgment and "net back wages" written thereon payable to the order of the "Wage & Hour Div., Labor," and shall in the case of the interest on the back wages be a separate certified or cashier's check or money order with the firm name and civil action number and "back wage interest" written thereon payable to the order of the "Wage & Hour Div., Labor."

6. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions for employees' share of Social Security and withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal

to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

7.  The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Judgment and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

8.  Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

**ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

## EXHIBIT A

| Employee | Gross back wages due | Post Judgment Interest due | Total due |
|---|---|---|---|
| Comfort Adjei | $2,262.45 | $9.20 | $2,271.65 |
| Theresa Amanfo | 6,868.25 | 27.95 | 6,896.20 |
| Julius O. Amenya | 12,753.37 | 51.90 | 12,805.27 |
| Naomi Amissah | 4,892.85 | 19.91 | 4,912.76 |
| Binta D. Fatoumata | 5,043.93 | 20.52 | 5,064.45 |
| Peter K. Ikangu | 4,955.93 | 20.17 | 4,976.10 |
| Francis Famau | 12,907.25 | 52.52 | 12,959.77 |
| Daniel F. Kimwomi | 3,331.68 | 13.55 | 3,345.23 |
| Raynold Kwabi | 9,916.06 | 40.35 | 9,956.41 |
| John C. Lepro | 634.83 | 2.58 | 637.41 |
| Joseph C. Mbuthia | 5,531.13 | 22.51 | 5,553.64 |
| Lois Mucoki | 7,433.27 | 30.25 | 7,463.52 |
| Paul Muhoro | 12,718.20 | 51.74 | 12,769.94 |
| Monika Mwauer | 1,904.47 | 7.75 | 1,912.22 |
| Lucy Njoroge | 8,254.95 | 33.59 | 8,288.54 |
| Olivia Obeng-Asamoah | 4,764.64 | 19.39 | 4,784.03 |
| Elijah O. Ongau | 8,861.27 | 36.03 | 8,897.30 |
| Total: | $113,034.53 | $459.91 | $113,494.44 |

**EXHIBIT B**

| Payment Due Date | Gross BWs Due | Post Judgment Interest Due | Total Due |
|---|---|---|---|
| March 1, 2012 | $28,258.63 | $0.00 | $28,258.63 |
| April 1, 2012 | 7,032.33 | 70.65 | 7,102.98 |
| May 1, 2012 | 7,038.19 | 64.79 | 7,102.98 |
| June 1, 2012 | 7,044.06 | 58.92 | 7,102.98 |
| July 1, 2012 | 7,049.93 | 53.05 | 7,102.98 |
| August 1, 2012 | 7,055.80 | 47.18 | 7,102.98 |
| September 1, 2012 | 7,061.68 | 41.30 | 7,102.98 |
| October 1, 2012 | 7,067.57 | 35.41 | 7,102.98 |
| November 1, 2012 | 7,073.46 | 29.52 | 7,102.98 |
| December 1, 2012 | 7,079.35 | 23.63 | 7,102.98 |
| January 1, 2013 | 7,085.25 | 17.73 | 7,102.98 |
| February 1, 2013 | 7,091.16 | 11.82 | 7,102.98 |
| March 1, 2013 | 7,097.12 | 5.91 | 7,103.03 |
| Totals: | $113,034.53 | $459.91 | $113,494.44 |

Dated this 8th day of February, 2012.

_____
Stephen M. McNamee
United States District Judge